UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

JANE DOE (Pseudonym) a/k/a SHARON BRIDGES,

    Plaintiff,

v.

    Case No. 07-C-0781

ROGER WERNER,

    Defendant.

**PROTECTIVE ORDER REGARDING PRODUCTION OF PLAINTIFF'S MEDICAL AND PERSONNEL RECORDS AND DEFENDANT'S PERSONNEL AND INVESTIGATIVE RECORDS**

The Court having considered the stipulation of the parties requesting the entry of a protective order and good cause having been shown pursuant to Civil Local Rule 26.4;

THE COURT ORDERS:

1. The following documents shall be deemed "Confidential" for purposes of this Protective Order:

    a. All medical and other treatment records of Sharon Bridges.

    b. All portions of Sharon Bridges personnel file which include personal information such as social security numbers, email addresses and phone numbers which may be redacted upon production.

    c. All portions of Roger Werner's personnel file which include personal information such as social security numbers, email addresses, phone numbers and similar non-relevant personal information which may be redacted.

d. All portions of Roger Werner's personnel and other files held by Time Warner Cable which include evaluations of job performance, pay scales, compensation and benefit packages, bonuses, evaluations by Roger Werner of other employees not a party to this lawsuit, and other documents designated as "Confidential" or "Confidential – Attorneys' Eyes Only" by Time Warner Cable of Southeastern Wisconsin LP.

2. The above-described records must not be used or their contents disclosed by the parties or counsel for the parties or any persons identified below for any purpose whatsoever other than preparing for and conducting this litigation (including appeals).

3. The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information contained in the documents identified above in ¶ 1 a-d, to any other person or entity, except that disclosures may be made in the following circumstances:

a. Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employees to whom counsel for the parties makes a disclosure must be advised of, and become subject to the provisions of this order requiring that the documents and information be held in confidence.

b. Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of this litigation.

c. Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this order.

2

d. Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this order that the documents and information be held in confidence.

4. Except as provided in Paragraph (3) above, counsel for the parties must keep all documents identified above in ¶ 1 a-d secure within their exclusive possession and must place the documents in a secure area.

5. To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information contained in the documents identified above in ¶ 1 a-d, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court in an envelope marked "SEALED." A reference to Civil L.R. 26.4 may also be made on the envelope.

6. At the conclusion of this litigation, all material from the documents identified above in ¶ 1 a-d not received in evidence must be returned to the attorney for that party from whom they were obtained. The parties may also stipulate that copies of the records may be destroyed instead.

Dated this __13th__ day of February, 2008.

BY THE COURT:

s/ William C. Griesbach
William C. Griesbach
United States District Judge